## IVY COURTS REALTY CO. v. LOCKWOOD et al.

(Supreme Court, Appellate Term, First Department. March 7, 1913.)

HUSBAND AND WIFE (§ 23*)—LEASE—LIABILITY FOR RENT.

Where a lease was signed by a wife but not by her husband, he was not liable for rent thereunder.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 142–144; Dec. Dig. § 23.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Ivy Courts Realty Company against Richard H. Lockwood and another. From a judgment for plaintiff against both defendants, they appeal. Reversed as to defendant Richard H. Lockwood, and affirmed as to defendant Kate M. Lockwood.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Henry D. Merchant, of New York City, for appellants.

Louis E. Felix, of New York City, for respondent.

SEABURY, J. This is an action to recover $75 rent under a lease made between the plaintiff as landlord and the defendant Kate M. Lockwood as tenant. The plaintiff proved the lease, and that the rent for April, 1912, was not paid. This proof entitled the plaintiff to a judgment against the defendant Kate M. Lockwood, but furnished no justification for the entry of a judgment against her husband, Richard H. Lockwood.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It follows that as to the appellant Richard H. Lockwood the judgment is reversed, with costs, and the complaint dismissed, with costs. As to the defendant Kate M. Lockwood, the judgment is affirmed, with costs. All concur.